UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AVILA,<br><br>   Plaintiff,<br><br>   v.<br><br>FELDER, *et al.*,<br><br>   Defendants. | No. 1:21-cv-01510-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Andrew Avila is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted leave to amend. Plaintiff's first amended complaint, filed on January 26, 2022, is currently before the Court for screening. (Doc. 14.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Kern Valley State Prison ("KVSP"), in Delano, California, where the events in the complaint are alleged to have occurred. Plaintiff names Michael A. Felder, C.E.O., CCHS at Kern Valley State Prison as the sole defendant.

Plaintiff alleges deliberate indifference to serious medical need. In 2019, Plaintiff submitted a medical form for right eye pain. The policy is to see patients for treatment within 72 hours. Plaintiff saw Defendant Felder for the eye pain and said his eye hurts really bad, was not able to see, and his head hurt behind his right eye. Plaintiff said that when he uses the toilet, his right eye hurts when he strains, and he cannot see the toilet paper. CDCR medical policy states that during an emergency, a medical supervisor shall send the patient to the hospital right away. Dr. Felder read Plaintiff's chart and did nothing but prescribe medication. The medication causes an allergic reaction in the right eye.

Plaintiff filed an appeal that he could not see. Plaintiff saw "Doctor Michel A. Felder several times for several days and the defendant being in charge per medical policy has to sign an emergency outpatient order. He refused to do so for a year." Plaintiff lost his right eye vision permanently which could have been avoided if Defendant would have done his job.

As remedies, Plaintiff seek a preliminary injunction not to deny emergency medical attention, declaratory relief and compensatory and punitive damages

///

///

2

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided the relevant legal and pleading standards, Plaintiff has been unable to cure the deficiencies.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. Plaintiff has been unable to cure this deficiency. Fed. R. Civ. P. 8.

### B. Eight Amendment - Deliberate Indifference to Serious Medical Need

Plaintiff alleges a claim for deliberate indifference to a serious medical need.

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

3

Here, Plaintiff alleges a serious medical need. He alleges pain and eye problems which resulted in the loss of vision.

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference*." Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges he saw Dr. Felder who read Plaintiff's chart and did nothing but prescribe medication.  Here, Dr. Felder did not fail to treat Plaintiff, and Plaintiff's disagreement that he should have been sent to the emergency room is a difference of opinion with a medical professional.  Indeed, in Plaintiff's original complaint, Plaintiff alleged a variety of medical treatments he received, which Plaintiff now does not reallege in his first amended complaint.  In the original complaint, Plaintiff alleged that when Plaintiff complained of eye pain, he was seen by a nurse, his treating physician, and an ophthalmologist.  He was given medication to treat pain, inflammation in the eyes, and to prevent bacterial eye infections. He was given a fluorescein angiography to test for eye disorders.  A prior pleading may be superseded as a pleading, but the prior pleading may be admissible in evidence against the pleader; e.g., as an admission or prior inconsistent statement by the pleader: "The amendment of a pleading does not make it any the less an admission of the party." *Andrews v. Metro North Commuter R.R. Co.,* 882 F.2d 705, 707 (2nd Cir.1989); *see also White v. ARCO/Polymers, Inc*., 720 F.2d 1391, 1396, fn. 5 (5th Cir.1983); *Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1025 (E.D. Cal. 2012) (the prior pleadings are not irrelevant), aff'd sub nom. *Robinson v. Jewell*, 790 F.3d 910 (9th Cir. 2015). Plaintiff claims that the medication caused an allergic reaction in the right eye, but there is no allegation that Plaintiff informed Dr. Felder of the reaction and that Dr. Felder then failed to act. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

### C. State Regulations

Plaintiff alleges violations of various prison regulations for responding to medical emergencies. However, § 1983 only provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist*., 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, at *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568

5

F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). *Lipscomb v. Olivas*, No. 1:21-CV-01127 BAM PC, 2021 WL 4318029, at *5 (E.D. Cal. Sept. 23, 2021) (the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and is not cognizable under § 1983.

### D. Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

The injunctive relief Plaintiff is seeking may go beyond what would be allowed under the

6

PLRA as it is not narrowly tailored to address the violations of the rights at issue in this action and is too ambiguous and vague. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the possibility of an injury.

### E. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). A declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV.     Conclusion and Order

For the reasons stated, Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written

///
///
///
///
///

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 23, 2022**         /s/ Barbara A. McAuliffe            _
                                                          UNITED STATES MAGISTRATE JUDGE