# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AVILA,<br><br>            Plaintiff,<br><br>     v.<br><br>FELDER, *et al.*,<br><br>            Defendants. | Case No.  1:21-cv-01510-JLT-BAM (PC)<br><br>ORDER SETTING DEADLINE FOR FILING OF SECOND AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Andrew Avila ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 23, 2022, the undersigned screened Plaintiff's first amended complaint and found that Plaintiff failed to state a cognizable claim upon which relief may be granted. (ECF No. 15.) Plaintiff filed objections. (ECF No. 16.) On March 22, 2022, the District Judge adopted the findings and recommendations in full and dismissed the case, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (ECF No. 17.) Judgement was entered the same date. (ECF No. 18.)

Plaintiff filed a motion for reconsideration on April 18, 2022, which was denied on April 25, 2022. (ECF Nos. 19, 20.) Plaintiff filed a notice of appeal on May 24, 2022. (ECF No. 21.) The appeal was processed to the United States Court of Appeals for the Ninth Circuit. (ECF No. 22.) On November 29, 2024, the Ninth Circuit reversed and remanded the case to allow Plaintiff to file a second amended complaint. (ECF No. 25.) An amended memorandum was issued on January 15, 2025, (ECF No. 26), and the Ninth Circuit issued its mandate on January 22, 2025, (ECF No. 27).

1   Pursuant to the Ninth Circuit's order, the Court grants Plaintiff **thirty (30) days** to file a second amended complaint in this action.

Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint, or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)); and

2. **If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **January 23, 2025**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

2