# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AVILA,<br><br>            Plaintiff,<br><br>    v.<br><br>FELDER, *et al.*,<br><br>            Defendants. | Case No. 1:21-cv-01510-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 37)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Andrew Avila ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 16, 2025, the Court screened Plaintiff's second amended complaint and found that it stated a cognizable claim against Defendant Michael A. Felder for deliberate indifference to medical care in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendant. (ECF No. 37.) Plaintiff was directed to file a third amended complaint curing the deficiencies identified in the Court's screening order or to notify the Court of his willingness to proceed only on his claim against Defendant Felder for deliberate indifference to medical care, within thirty days. (*Id.*) Plaintiff has not responded to the May 16, 2025 screening order or otherwise communicated with the Court, and the deadline to do so has

1

1  now expired.

2  **II.     Failure to Prosecute and Failure to Obey a Court Order**

3      **A.     Legal Standard**

4  Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

    **B.     Discussion**

Here, Plaintiff's response to the Court's May 16, 2025 screening order is overdue and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d

1  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
2  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
3  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*
4  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

5      Finally, the Court's warning to a party that failure to obey the court's order will result in
6  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
7  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  Plaintiff was warned in the Court's May
8  16, 2025 screening order that failure to comply with that order would result in dismissal of this
9  action, without prejudice, for failure to obey a court order and for failure to prosecute.  (ECF No.
10 37, p. 11.)  Thus, Plaintiff had adequate warning that dismissal could result from his
11 noncompliance.

12     Additionally, at this stage in the proceedings there is little available to the Court that
13 would constitute a satisfactory lesser sanction while protecting the Court from further
14 unnecessary expenditure of its scarce resources.  Although Plaintiff is not proceeding *in forma*
15 *pauperis* in this action, it appears monetary sanctions will be of little use in light of the Court's
16 inability to communicate with Plaintiff, and the preclusion of evidence or witnesses is likely to
17 have no effect given that Plaintiff has ceased litigating his case.

18 **III.    Recommendation**

19     Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY
20 RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court
21 order and for Plaintiff's failure to prosecute this action.

22     These Findings and Recommendations will be submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
24 **fourteen (14) days** after being served with these Findings and Recommendations, the parties may
25 file written objections with the court.  The document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**
27 **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**
28 **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

**limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 1, 2025**         /s/ *Barbara A. McAuliffe*
                             UNITED STATES MAGISTRATE JUDGE