# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AVILA,<br><br>             Plaintiff,<br><br>       v.<br><br>FELDER, *et al.*,<br><br>             Defendants. | Case No.  1:21-cv-01510-JLT-BAM (PC)<br><br>ORDER VACATING JULY 2, 2025 FINDINGS AND RECOMMENDATIONS (ECF No. 38)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Andrew Avila ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 16, 2025, the Court screened Plaintiff's second amended complaint and found that it stated a cognizable claim against Defendant Michael A. Felder for deliberate indifference to medical care in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendant.  (ECF No. 37.)  Plaintiff was directed to file a third amended complaint curing the deficiencies identified in the Court's screening order or to notify the Court of his willingness to proceed only on his claim against Defendant Felder for deliberate indifference to medical care, within thirty days.  (*Id.*)  On July 2, 2025, after Plaintiff failed to respond to the Court's order, the Court issued findings and a recommendation that this action be

1

dismissed, without prejudice, for failure to obey a Court order and for Plaintiff's failure to prosecute. (ECF No. 38.)

On July 11, 2025, Plaintiff filed a "Notice of Agreement to Proceed with Cognizable Claims," which is signed and dated June 1, 2025. (ECF No. 39.) Plaintiff states that in light of the current inaccessibility of documents required to ascertain facts essential for curing the pleading deficiencies, Plaintiff agrees to proceed with the cognizable claims identified by the Court's May 16, 2025 screening order. Plaintiff states that he reserves, or otherwise does not waive, his right to proceed pursuant to Federal Rule of Civil Procedure 26(a)(1)(i)–(iv), inclusive, and (b)(1), if discovery leads to facts supportive of cognizable claims against additional defendants and/or for additional relief. Plaintiff also asks that the Court notify him of any additional action that may be required of him to advance this action forward. (*Id.*)

Based on Plaintiff's filing, it appears Plaintiff's response to the May 16, 2025 screening order crossed in the mail with the Court's July 2, 2025 findings and recommendations. Accordingly, the Court finds it appropriate to vacate the July 2, 2025 findings and recommendation to dismiss this action for failure to obey a Court order and for failure to prosecute. The Court further issues new findings and recommendations that this case proceed on Plaintiff's second amended complaint and the cognizable claim therein, as discussed below.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

2

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.     Plaintiff's Allegations**

Plaintiff is currently housed at the Kern Valley State Prison ("KVSP"), in Delano, California, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Michael A. Felder, C.E.O., CCHS at Kern Valley State Prison, and (2) CCHC/Medical Doe(s) Defendant(s).

Plaintiff alleges claims for deliberate indifference to medical need in violation of the Eighth Amendment and medical malpractice. In January 2018, Plaintiff underwent a right eye cataract extraction billed as a "simple, fast" procedure that would leave him with "perfect vision." Shortly after the procedure, Plaintiff began to experience very bad pain and started to go "blind in one eye." He sought health care services for the deteriorating eye condition from defendant Felder and Does who began to make "everything . . . worse."

In a January 16, 2018 medical appointment after the cataract extraction, medical personnel documented that Plaintiff's retina had become detached. They also noted that the retina detachment can result in "complete blindness" and that treatment entails surgical intervention and that a surgical consult was on the books. Plaintiff alleges that time was of the essence because the longer a retinal detachment goes untreated, the greater the risk of permanent vision loss and surgery should be within days of diagnosis.

Defendants Felder and Doe Defendants failed to respond to Plaintiff's expressed pain and actual medical needs until 2021, approximately three years later. Plaintiff suffered from untreated, detached retina and his eyesight began to further deteriorate, the pain got worse, and

3

1  additional preventable complications arose.  He developed chronic endophthalmitis, a painful and
2  dangerous inflammatory infection in the eye that can cause vision loss.  Endophthalmitis is
3  commonly caused by complication of cataract surgery.  When accompanied by vision loss,
4  surgery is generally necessary.  Notwithstanding medical personnel's document diagnosis and
5  Plaintiff's deteriorating vision, surgery was not provided until 2021.

6  Other complications arose too.  Medical personnel diagnosed Plaintiff with cystoid
7  macular edema, a form of retinal swelling associates with vision loss.  They diagnosed him with
8  uveitis, an inflammatory condition that can lead to permanent blindness.  They also diagnosed
9  him with epiretinal membrane, a vision distorting wrinkle of the retina.

10  Defendant Felder documented that "surgery correction" would be the "only effective
11  treatment" for Plaintiff's epiretinal membrane condition, Plaintiff was not operated on until 2021.
12  Three years had elapsed since Plaintiff had been diagnosed with a detached retina and at least one
13  year had passed since both the chronic endophthalmitis and epiretinal membrane diagnoses were
14  recorded.

15  Plaintiff repeatedly emphasized his plight to Defendant Felder and medical personnel,
16  explain that the "pain is severe in my right eye" continuous and amplified by "real bad
17  headaches."  He notified them that his vision had become so bad that it was effectively gone and
18  could only see light and dark with some shapes.  He said he could not see well enough to tend to
19  his personal hygiene or see where he was walking.  Plaintiff was only offered non-surgical care
20  such as ointments, pills and over the counter pain medications, despite his complaint and the
21  recognition that surgical intervention as necessary and appropriate.

22  While Plaintiff was losing his eyesight, Defendant Felder was involved with Plaintiff's
23  medical care in two ways.  Defendant Felder assumed the role of treating physician even though
24  he is neither licensed to provide medical care nor trained in medicine.  Plaintiff's vision did not
25  improve under the care of an administrator trained in business administration and environmental
26  management.  Plaintiff communicated his medical needs to Defendant Felder during several face-
27  to-face meetings.  Plaintiff described intense pain and near blindness.  Defendant Felder merely
28  read Plaintiff's chart and prescribed medication that caused an allergic reaction and further

4

damaged Plaintiff's right eye.

Plaintiff had an unfolding emergency and Defendant Felder refused for at least a year to authorize the emergency outpatient care, including the recommended surgical interventions that Plaintiff needed to save his eyesight. Defendant Felder decided that enhanced medical care was not warranted and would not budge even when Plaintiff reminded Defendant Felder that prison policy obligated him to send Plaintiff to the hospital. Defendant Felder was not moved by his own admission that surgery was the only effective treatment and the chart notes that Plaintiff risked complete blindness. Defendant Felder merely instructed medical personnel to "continue to monitor" Plaintiff's condition and that Plaintiff should discuss further with them if the issues still persist.

Throughout the slow and prolonged multiyear physical pain and handicap order, Plaintiff experienced desolation and severe depression as his ability to socialize and his experiences in everyday life diminished. He had a loss of his ability to create art and creative expression and connect with family and friends causing him emotional pain and distress. The inability to express his artistic creativity also lead to his inability to generate modest funds for his everyday needs in prison life.

As remedies, Plaintiff seek a preliminary injunction for medical appliances and/or accommodations, declaratory relief, and compensatory and punitive damages.

**IV. Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, and fails to state a cognizable claim for relief, except as noted below.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

5

1  at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also*
2  *Twombly*, 550 U.S. at 556–57.

3  Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic
4  matter, the complaint does not clearly state what happened, when it happened or who was
5  involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions.
6  While the second amended complaint identifies the specific claims, the allegations are conclusory
7  as to what happened and who was involved, except for Defendant Felder. For instance, it is
8  unclear which medical Doe Defendant did what actions in violating Plaintiff's constitutional
9  rights. Plaintiff merely refers to such medical personnel as Doe or "medical personnel." Plaintiff
10 must describe what each person did or did not do that violated his rights.

11 **B.      Eighth Amendment – Deliberate Indifference to Serious Medical Need**

12 Plaintiff alleges a claim for deliberate indifference to a serious medical need.

13 To allege a claim of deliberate indifference, plaintiff must show he had a serious medical
14 need and defendants were deliberately indifferent to that need. A medical need is serious "if the
15 failure to treat the prisoner's condition could result in further significant injury or the
16 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.
17 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)
18 (en banc). Indications of a serious medical need include "the presence of a medical condition that
19 significantly affects an individual's daily activities." *Id.* at 1059–60. By establishing the
20 existence of a serious medical need, a prisoner satisfies the objective requirement for proving an
21 Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

22 Here, Plaintiff alleges a serious medical need. He alleges pain and eye problems which
23 resulted in the loss of vision.

24 Deliberate indifference is established only where the defendant subjectively "knows of
25 and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051,
26 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).
27 Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond
28 to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v.*

6

*Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation.  *Farmer v. Brennan*, 511 U.S. 825, 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106.  To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Liberally construing the allegations, Plaintiff states a claim for deliberate indifference against Defendant Felder.

Plaintiff fails to state a claim against any Doe Defendant medical personnel.  Plaintiff alleges he given medication and treatment for his condition, but was not given the surgery he requested and needed.  There is not any allegation that any Doe Defendant medical personnel had authority to order surgery or knew that surgery was required.  Plaintiff alleges that he complained of his eyesight, but he also alleges he was provided treatment by Doe Defendants medical

personnel. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

### C.   Prison Regulations

Plaintiff alleges violations of various prison regulations for responding to medical emergencies. However, § 1983 only provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, at *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). *Lipscomb v. Olivas*, No. 1:21-CV-01127 BAM PC, 2021 WL 4318029, at *5 (E.D. Cal. Sept. 23, 2021) (the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and is not cognizable under § 1983.

### D.   State Law Claim – Medical Malpractice

Plaintiff alleges a medical malpractice claim. The second amended complaint does not allege that Plaintiff complied with the exhaustion requirements of the Government Claims Act ("GCA") as to his pendent state law claim. Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 945.4, 950–950.2. Plaintiff is informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde),* 32 Cal. 4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201,

8

209 (2007).

To state a tort claim against a public employee, a plaintiff must allege compliance with the GCA. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239. Because Plaintiff does not affirmatively allege compliance with the GCA, the second amended complaint facially fails to state a tort claim for medical malpractice.

### E. Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Amer. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

The injunctive relief Plaintiff is seeking may go beyond what would be allowed under the PLRA as it is not narrowly tailored to address the violations of the rights at issue in this action

and is too ambiguous and vague. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the possibility of an injury.

### F. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). A declaration that any defendant violated Plaintiff's rights is unnecessary.

### G. Doe Defendants

Plaintiff alleges that Doe "medical personnel" engaged in deliberate indifference to his medical condition. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

## V. Order and Recommendation

Based on the foregoing, the Court HEREBY ORDERS that the findings and recommendations issued on May 16, 2025, (ECF No. 38), are VACATED.

Furthermore, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's second amended complaint against Defendant Michael A. Felder for deliberate indifference to medical care in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed from this action for failure to state a cognizable claim for relief.

1     These Findings and Recommendations will be submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
3 **fourteen (14) days** after being served with these Findings and Recommendations, the parties may
4 file written objections with the court.  The document should be captioned "Objections to
5 Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**
6 **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**
7 **number if already in the record before the Court.  Any pages filed in excess of the 15-page**
8 **limit may not be considered.**  The parties are advised that failure to file objections within the
9 specified time may result in the waiver of the "right to challenge the magistrate's factual
10 findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*
11 *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 15, 2025**                    /s/ *Barbara A. McAuliffe*    
                                                                                  UNITED STATES MAGISTRATE JUDGE