# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AVILA,<br><br>        Plaintiff,<br><br>     v.<br><br>FELDER, *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-01510-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF EXHAUSTION BASED MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 55) |

Plaintiff Andrew Avila ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendant Michael A. Felder for deliberate indifference to medical care in violation of the Eighth Amendment.  Defendant Felder answered the complaint on October 17, 2025. (ECF No. 46.)

On October 20, 2025, the Court issued a Discovery and Scheduling Order, which set the deadline for the completion of all discovery as June 20, 2026.  (ECF No. 47.)

On February 20, 2026, Defendant Felder filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 51.)  Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment, but failed to file a timely opposition.  Accordingly, on March 23, 2026, the Court issued an order directing Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed for

1

failure to prosecute. (ECF No. 52.) The Court informed Plaintiff that he could comply with the order by filing an opposition or statement of non-opposition to Defendant's February 20, 2026 motion for summary judgment. (*Id.*) Plaintiff was warned that if he failed to comply with the Court's order, this matter would be dismissed, without prejudice, for failure to prosecute. (*Id.*) On April 20, 2026, the Court granted Plaintiff a thirty (30) day extension of time to file a response to the Court's show cause order. (ECF No. 54.)

Currently before the Court is Defendant Felder's motion to stay discovery and other deadlines, with the exception of Plaintiff's deadline to show cause, pending resolution of the exhaustion-based summary judgment motion, filed on May 5, 2026.[1] (ECF No. 55.) According to the motion and supporting declaration of counsel, Plaintiff has agreed to the proposed stay. (*Id.* at 3; ECF No. 55-1, ¶ 6.) The motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

In the motion, Defendant Felder argues that good cause exists to stay discovery until the Court resolves the pending exhaustion motion because that motion may entirely dispose of this action without the burden and expense of engaging in protected discovery. (ECF No. 55 at 4, 5.) to date, neither party has served discovery. (ECF No. 55-1, ¶ 4.) Defendant Felder asserts that it would be a waste of resources to depose Plaintiff or to propound written discovery before the exhaustion motion is decided, particularly given the pending order to show cause. (*Id.* at 4.) Defendant Felder contends that if the motion is granted, then the case will end and there would be no need for either party to conduct any discovery. (*Id.*) If the motion is denied, the parties then may conduct discovery with only minimal delay and without having suffered any prejudice. (*Id.*)

---

[1] Although Defendant Felder references "other deadlines," the motion seeks to stay discovery, and does not reference any other deadlines.

Having considered Defendant's moving papers, the Court finds good cause to stay discovery in this action.  Defendant Felder has been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the preparation of potentially unnecessary discovery.  Given Plaintiff's asserted agreement to the stay, Plaintiff will not be prejudiced by the relief requested, and the Court will reset the applicable discovery deadline, if necessary, following a ruling on the pending motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to stay discovery, (ECF No. 55), is GRANTED; and
2. Discovery is STAYED pending resolution of the motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:    **May 6, 2026**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE