# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AVILA,<br><br>             Plaintiff,<br><br>   v.<br><br>FELDER, *et al.*,<br><br>             Defendants. | Case No.  1:21-cv-01510-JLT-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>(ECF No. 52)<br><br>ORDER DIRECTING DEFENDANT TO RE-SERVE MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING PLAINTIFF TO RESPOND TO DEENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Andrew Avila ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendant Michael A. Felder for deliberate indifference to medical care in violation of the Eighth Amendment.

On February 20, 2026, Defendant filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 51.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment, but failed to file a timely opposition.

1

Accordingly, on March 23, 2026, the Court issued an order directing Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed for failure to prosecute. (ECF No. 52.)

On April 13, 2026, Plaintiff filed a motion for an extension of time to file a second amended complaint. (ECF No. 52.) Plaintiff did not explain why he sought an extension of time to file an amended complaint. Instead, in the proof of service attached to the motion, Plaintiff stated he was "requesting for an extension of time for an additional 45 days. order to show cause why action should not be dismissed for failure to prosecute." (*Id.* at 2.)

On April 20, 2026, the Court denied Plaintiff's request for an extension of time to file a second amended complaint, but granted Plaintiff a 30-day extension of time to file a response to the Court's show cause order. (ECF No. 54.)

On May 20, 2026, Plaintiff filed a response to the Court's show cause order. (ECF No. 57.) In his response, Plaintiff states that he has a serious eyesight handicap and relies entirely on another incarcerated individual to draft, prepare, and finalize legal documents. Since December 2025, prison administration has been converting multiple housing units into administrative segregation, resulting in widespread inmate transfers. Due to the transfers, Plaintiff was separated from the inmate who assists him with legal filings from December 2025 until May 2026. Plaintiff attempted to comply with court orders during this time, but the separation made it impossible to prepare filings, including a response to Defendant's motion for summary judgment. (*Id.* at 2.) Plaintiff further states that he never received a copy of Defendant's motion for summary judgment although the prison's incoming mail log shows incoming mail from Defendant's counsel on February 24, 2026. Plaintiff claims that the entry does not indicate receipt and he confirms that he never received such a motion. (*Id.* and Ex. C.) Plaintiff also reports that in May 2026, he began working to respond to the Court's show cause order. He indicates, however, that there was a riot on March 31, 2026, at Kern Valley State Prison, and as result, the entire facility was on lockdown from April 1, 2026, through at least early May 2026, and all non-essential movement was suspended. Plaintiff asserts that he could not prepare any legal response during the lockdown period. (*Id.* at 2-3.)

Plaintiff requests that the Court discharge the order to show cause, order Defendant to re-serve the motion for summary judgment on Plaintiff at his current housing location, grant Plaintiff 45 days from the date of re-service to file a response to the summary judgment motion, and issue a revised discovery and scheduling order with new deadlines. (ECF No. 57 at 3.)

Having considered Plaintiff's response, the Court finds good cause to discharge the March 23, 2026 order to show cause, and to grant Plaintiff an extension of time to respond to Defendant's motion for summary judgment. The Court also finds it appropriate, in an abundance of caution, for Defendant to re-serve a copy of the February 20, 2026 motion for summary judgment, including all attachments, on Plaintiff. However, insofar as Plaintiff requests an extension of the discovery deadlines, the Court finds such an extension unnecessary. On May 6, 2026, the Court stayed all discovery in this matter pending resolution of the motion for summary judgment for failure to exhaust administrative remedies (ECF No. 56.) The Court will reset the applicable discovery and scheduling order deadlines, if necessary, following a ruling on the motion for summary judgment.

Accordingly, it is HEREBY ORDERED that:

1. The March 23, 2026 order to show cause, (ECF No. 52), is DISCHARGED;

2. Within **fourteen (14) days** of service of this order, Defendant is directed to re-serve a copy of the February 20, 2026 motion for summary judgment, including all attachments, on Plaintiff at his current address of record, and file proof of such service with the Court;

3. Within **thirty (30) days** following re-service of the motion for summary judgment, Plaintiff shall file an opposition or statement of non-opposition to Defendant's February 20, 2026 motion for summary judgment; and

4. **Plaintiff is warned that if he fails to comply with the Court's order, this matter will be dismissed, without prejudice, for failure to prosecute**.

IT IS SO ORDERED.

Dated:   **May 25, 2026**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3