**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW AVILA,<br>Plaintiff,<br>v.<br>FELDER, *et al.*,<br>Defendants. | Case No. 1:21-cv-01510 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Docs. 51, 63) |

Andrew Avila asserts that Michael Felder, CEO of California Correctional Health Care Services at Kern Valley State Prison, acted with deliberate indifference to his medical care in violation of the Eighth Amendment. (*See generally* Doc. 36.) Defendant moved for summary judgment contending that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. (Doc. 51.) Plaintiff opposed the motion. (Doc. 61.)

The magistrate judge found that "Defendant carried his burden of proof that there was an available administrative remedy" and it was "undisputed that Plaintiff availed himself of the administrative grievance process during the relevant time period." (Doc. 63 at 12.) However, the magistrate judge found Plaintiff "did not sufficiently describe the alleged misconduct … to place the prison on notice of the claims upon which this action proceeds." (*Id.* at 13.) The magistrate judge noted that it was undisputed that Defendant was not mentioned in either "the original grievance at the institutional level" or Plaintiff's "appeal at the headquarters level." (*Id.* at 12,

13.) The magistrate judge also found there were "no allegations" in Plaintiff's grievance or appeal that "Defendant Felder assumed the role of treating physician without a license or training or that Defendant Felder denied or delayed Plaintiff's medical treatment or surgery for his eye," as Plaintiff claims in this action. (*Id.* at 13; *see also id.* at 13-15.) Therefore, the magistrate judge concluded Plaintiff did not exhaust his available administrative remedies and recommended the Court grant the motion. (*Id.* at 16.)

The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 14 days. (Doc. 63 at 16.) The Court also advised Plaintiff that the failure to file timely objections "may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.* at 17, citing *Wilkerson v. Wheeler*, 772 F.3d 834 838-39 (9th Cir 2014).) Plaintiff did not file objections and the time to do so has expired.

According to 28 U.S.C. § 636 (b)(1), the Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 11, 2026 (Doc. 63), are **ADOPTED** in full.
2. Defendant's motion for summary judgment (Doc. 51) is **GRANTED**.
3. This action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 8, 2026

UNITED STATES DISTRICT JUDGE